UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
**Electronically Filed**

| | |
|---|---|
| EVERCOM SYSTEMS, INC.<br>14651 DALLAS PARKWAY<br>SUITE 600<br>DALLAS, TX 75254-8815,<br><br>    Plaintiff,<br><br>vs.<br><br>COMBINED PUBLIC COMMUNICATIONS, INC.<br>4271 HANLEY ROAD<br>CINCINNATI, OH  45247<br>    SERVE:  JIM ENGLE<br>    REGISTERED AGENT<br>    231 MILITARY PARKWAY<br>    FT. THOMAS, KY  41075,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. <u>1:09cv-90-M</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>COMPLAINT</u>

Plaintiff, Evercom Systems, Inc. ("Evercom"), for its Complaint against Defendant, Combined Public Communications, Inc. ("CPC"), states as follows:

### <u>Parties</u>

1.      Evercom is a Delaware corporation with its principal place of business located in Dallas, Texas and provides telecommunications services to the corrections industry throughout the Commonwealth of Kentucky.  Evercom is a subsidiary of Securus Technologies, Inc. ("Securus").

2.      Upon information and belief, CPC is an Ohio corporation with its principal place of business located in Cincinnati, Ohio and provides telecommunications services throughout the Commonwealth of Kentucky and the State of Indiana.

**Jurisdiction and Venue**

3.      Evercom's action against CPC is one over which this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

4.      Evercom claims an amount of damages in excess of $75,000.00, which meets the jurisdictional requirements of this Court.

5.      CPC is conducting business in the Commonwealth of Kentucky, has entered into contracts and interfered with Evercom's contracts in the Commonwealth of Kentucky, and is otherwise subject to the personal jurisdiction of this Court.

6.      Venue is proper in this Court pursuant to 28 USC§1391(a) by virtue of the fact that a substantial part of the events or omissions giving rise to Evercom's claim occurred in this district and because CPC is subject to personal jurisdiction in this district.

**Nature of the Action**

7.      This action arises out of CPC's tortious interference with Evercom's contracts for the provision of telecommunications services with correctional facilities throughout the Commonwealth of Kentucky and the State of Indiana.  CPC has tortiously interfered with Evercom's contracts with its customers by misrepresenting that the correctional facility has a statutory right to terminate its contract with Evercom upon the election of a new Sheriff. Evercom has repeatedly put CPC on notice that CPC was misrepresenting the law to no avail. CPC has also tortiously interfered with Evercom's contracts with its customers by misrepresenting that the correctional facility has a statutory right to terminate its contract with Evercom because the contract lacks a thirty-day termination provision.  As such, Evercom seeks the following relief from this Court:  (1) a permanent injunction prohibiting CPC from tortiously interfering with Evercom's contractual relations with its customers in this manner; (2) an award

2

of damages for CPC's tortious interference with Evercom's contracts; and (3) a declaration that Evercom's service agreements with its customers are not invalid under Kentucky law and/or Indiana law because they lack a thirty-day termination provision.

### Facts

8.    Evercom provides telecommunications services to correctional facilities throughout the Commonwealth of Kentucky and the State of Indiana.

9.    CPC provides telecommunications services to correctional facilities throughout the Commonwealth of Kentucky and the State of Indiana.

- **Spencer County, Indiana**

10.    On or about May 20, 2003, Evercom and the Spencer Co. Sheriff's Department (the "Spencer County Sheriff") entered into an Inmate Pay Telephone Agreement with an initial term of four (4) years (the "Spencer County Agreement").  The Spencer Agreement further provided that "Unless canceled by written notice delivered to either party at least ninety (90) days prior to the termination of the initial term or any renewal term of this Agreement, this Agreement shall automatically renew at the end of the initial term upon the same terms and conditions..."  A true and accurate copy of the Spencer County Agreement is attached as **Exhibit A.**

11.    Pursuant to the contract between Evercom and the Spencer County Sheriff, Evercom was granted an exclusive "right and license to install and maintain an Inmate Telecommunications System ... and inter-related hardware and software within all pre-existing and future jail and/or detention facilities...." *Id.*

12.     The Spencer County Agreement was not terminated during its initial term and thereby automatically renewed for another four (4) year term commencing on May 21, 2007 and ending on May 21, 2011.

13.     Upon information and belief, in or before October, 2007, CPC was aware that Evercom provided telecommunications services to the Spencer County Sheriff's correctional facility.

14.     On or before October 18, 2007, CPC advised the Spencer County Sheriff that it was permitted to terminate its contract with Evercom, because the contract between the Spencer County Sheriff and Evercom was no longer valid because of the election of a new Sheriff in Spencer County, Indiana.

15.     On or about October 18, 2007, Evercom advised CPC that CPC had improperly attempted to induce the Spencer County Sheriff to terminate its contract with Evercom through the above-described conduct.  Attached as **Exhibit B** is a copy of correspondence from Dennis J. Reinhold of Securus Technologies to Jim Engle and Cathie Engle at CPC dated October 18, 2007.

16.     Evercom also advised CPC that the contract between the Spencer County Sheriff and Evercom did not expire until May 20, 2011. *Id.*

17.     On October 18, 2007, the Spencer County Sheriff advised Evercom that it was terminating its contract with Evercom.  Attached as **Exhibit C** is a copy of the Spencer County Sheriff's correspondence to the Securus Removal Department.

18.     As a result of CPC's tortious interference with the contracts between Evercom and the Spencer County Sheriff, Evercom lost more than $136,660.00 in revenues and incurred fees and costs related to CPC's tortious interference.

- **Crawford County, Indiana**

19.     On or about May 21, 2004, Evercom and the Crawford County Sheriff's Department (the "Crawford County Sheriff") entered into an Inmate Pay Telephone Agreement for the provision of inmate telecommunications services and granting Evercom the exclusive "right and license to install, maintain and derive revenue from the Evercom inmate telecommunications system…, as well as the related hardware, software and services provided by Evercom…" related thereto (the "Crawford County Agreement").  A true and accurate copy of the Crawford County Agreement is attached as **Exhibit D.**

20.     The Crawford County Agreement between Evercom and the Crawford County Sheriff had an initial term of three (3) years, and provided therein that "Thereafter, unless one party delivers written notice of non-renewal at least 90 days prior to the end of then current term, this Agreement shall automatically renew for successive periods equal to the length of the Initial Term (the "Renewal Terms").

21.     The Crawford County Agreement was not terminated during its initial term and thereby automatically renewed for another three (3) year term commencing on May 21, 2007 and ending on May 21, 2010.  *See* **Exhibit D**.

22.     Upon information and belief, in or before January, 2009, CPC was aware that Evercom provided telecommunications services to the Crawford County Sheriff's correctional facility.

23.     On or before January 9, 2009, CPC contacted the office of the Crawford County Sheriff and advised the new Sheriff of Crawford County that its contract for inmate telephone services with Evercom was no longer valid under Indiana law, and therefore, the Crawford County Sheriff could terminate its contract with Evercom.

24.     On or before January 9, 2009, the new Sheriff for Crawford County advised Evercom that it was terminating its contract with Evercom as it was allegedly no longer valid and was entering into an exclusive agreement with CPC.  Attached as **Exhibit E** is a true and accurate copy of correspondence from Tim Wilkerson, the Sheriff of Crawford County, to the Equipment Removal Department of Securus.

25.     On or before February 5, 2009, Evercom again advised CPC that it was tortiously interfering with its contracts with "prison/jail facilities" where Evercom had existing and valid contracts and requested that CPC cease making false statements of law to Evercom's customers. *See* correspondence from Richard A. Smith from Securus to Melody Weil at CPC dated February 5, 2009 attached hereto as **Exhibit F**.

26.     As a result of CPC tortiously interfering with Evercom's contract with the Crawford County Jail, Evercom lost more than $155,990.00 in revenue and incurred fees and costs related to CPC's tortious interference.

- **Monroe County, Kentucky**

27.     On or about April 3, 2007, Evercom and the Monroe County Jail, Thompkinsville, Kentucky the ("Monroe County Jail") entered into a Master Services Agreement in which Evercom provided the Monroe County Jail "certain inmate-related services and applications...." related to the provision of telecommunications services and granted it "access and use [of] certain proprietary computer software products and materials in connection with the Applications..." for five years (or until April 3, 2012) (the "Monroe County Agreement").  A true and accurate copy of the Monroe County Agreement is attached as **Exhibit G.**

28.     Upon information and belief, in or before May, 2009, CPC was aware that Evercom provided telecommunications services to the Monroe County Jail.

6

29.    On or before May 12, 2009, CPC contacted the Monroe County Jail and advised the newly elected Monroe County Sheriff that he was entitled to cancel his contract with Evercom with respect to the provision of telecommunication services to the Monroe County Jail because the contract was invalid as it allegedly did not contain a proper thirty (30) termination provision.

30.    On May 12, 2009, the Monroe County Jail advised Evercom that it was canceling its contract with Evercom on the grounds that pursuant to Kentucky law, it was entitled to cancel its contract with Evercom as a result of CPC's misrepresentations of the law to Monroe County Jail. *See* attached correspondence from Wes Stevens to Evercom Systems, Inc. attached as **Exhibit H**.

31.    As a result of CPC tortiously interfering with the Master Service Agreement between the Monroe County Jail and Evercom, Evercom has lost more than $60,000.00 in revenues.

## Count I
## <u>Tortious Interference with Contract</u>

32.    Evercom incorporates numerical paragraphs 1 through 31 by reference as if fully set forth herein.

33.    Evercom had contractual relationships with the Spencer County Sheriff, the Crawford County, Sheriff and the Monroe County Sheriff.

34.    CPC was aware of Evercom's contractual relationships with the Spencer County Sheriff, the Crawford County Sheriff and the Monroe County Sheriff when it intentionally interfered with Evercom's contracts with those Sheriffs.

35.    CPC, without a privilege to do so, has induced or otherwise caused customers of Evercom to discontinue a pre-existing business relation, thereby causing harm to Evercom.

36.    As a direct and proximate result of CPC's conduct described herein, Evercom has incurred damages in excess of $75,000.00, the exact amount to be determined at trial.

37.    CPC has acted with reckless disregard of the interests of and consequences to Evercom by making false statements to the Crawford County Sheriff, the Spencer County Sheriff and the Monroe County Sheriff to induce them into breaching their respective contracts with Evercom, despite Evercom advising CPC of the falsity of the statements at issue.  Because of CPC's intentional, willful, wanton, reckless, malicious or grossly negligent conduct, Evercom is entitled to punitive damages against CPC.

### Count II
### Declaration of Rights

38.    Evercom incorporates numerical paragraphs 1 through 37 by reference as if fully set forth herein.

39.    There is an actual and justiciable case or controversy between the parties regarding whether, under either Kentucky or Indiana law, Evercom's contracts are terminable upon the election of a new local Sheriff and/or are void for not being terminable within (30) days of the election of a new Sheriff.

40.    Evercom seeks a declaration that: (a) under Kentucky law contracts between Evercom and its customers are not personal services contracts; and (b) under Kentucky and Indiana law, a contract between Evercom and a correctional facility is not void for not containing a provision that such contracts are terminable within thirty (30) days.

WHEREFORE, Evercom prays as follows:

1.    For a declaration of rights as set forth above;

2.    For an award of monetary damages in an amount that exceeds this Court's minimal jurisdictional amount to be determined at trial;

3.      For an award of punitive damages based on CPC's reckless and/or intentional conduct

4.      For a permanent injunction enjoining CPC from tortiously interfering with Evercom's contractual relationships;

5.      Pre and post-judgment interest;

6.      For costs and attorney's fees to the extent allowed by law; and

7.      Any further relief that the Court deems just and proper.

Respectfully submitted,

/s/ Tanya Y. Bowman
Peter M. Cummins
Tanya Y. Bowman
Frost Brown Todd LLC
400 W. Market Street, 32nd Floor
Louisville, KY  40202
(502) 589-5400
*Counsel for Plaintiff*

LOULibrary 0115317.0560784 844616v1