# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

CASE NO. 1:09-CV-00090-M

EVERCOM SYSTEMS, INC.                                    PLAINTIFF

v.

COMBINED PUBLIC COMMUNICATIONS, INC.                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Plaintiff's ("Evercom") Motion for Judgment on the Pleading as to Count II [DN 22]. The motion has been fully briefed and is ripe for decision.

## FACTUAL BACKGROUND

Evercom provides telecommunications services to correctional facilities throughout the Commonwealth of Kentucky and the State of Indiana. Evercom had contracts with three such correctional facilities which are the subject of this action. First, on or about May 20, 2003, Evercom and the Spencer County Sheriff's Department (the "Spencer County Sheriff") in Rockport, Indiana entered into an Inmate Pay Telephone Agreement with an initial term of four years, which automatically renewed for another four year term on May 21, 2007 (the "Spencer County Contract"). Second, on or about May 21, 2004, Evercom and the Crawford County Sheriff's Office (the "Crawford County Sheriff") in English, Indiana entered into an Facility Inmate Services Agreement with an initial term of three years, which automatically renewed for another three year

term on May 21, 2007 (the "Crawford County Contract").  And third, on or about April 3, 2007, Evercom and the Monroe County Jail in Tompkinsville, Kentucky entered into a Master Services Agreement for the provision of inmate telecommunications services with a term of five years (the "Monroe County Contract").

According to Evercom's Complaint, CPC contacted the newly elected sheriff of each of the respective counties and improperly advised him that he could terminate his county's contract with Evercom.  CPC told the newly elected Spencer County Sheriff that he was permitted to terminate the contract with Evercom because the contract was void upon his election.  The Spencer County Sheriff then wrote a letter to Evercom explaining that he was the newly elected sheriff and was terminating Evercom's contract because it was no longer valid.  CPC similarly advised the newly elected Crawford County Sheriff, who then sent Evercom a letter nearly identical to the letter sent by the Spencer County Sheriff. Lastly, CPC contacted the Monroe County Jail and told the newly elected Monroe County Sheriff that he could cancel his contract with Evercom because the contract was invalid for lack of a 30-day termination provision.  The attorney for the Monroe County Jail then wrote a letter to Evercom on May 12, 2009 informing Evercom that the Jail was cancelling the contract effective July 1, 2009 because it lacked a 30-day cancellation provision. Evercom alleges that CPC tortiously interfered with Evercom's telecommunications contracts with correctional facilities in Indiana and Kentucky by making misrepresentations of law to those correctional facilities that led the facilities to terminate their contracts with Evercom.

In this Motion, Evercom seeks a Partial Judgment on the Pleadings on Count II of its Complaint. Count II alleges that there is a controversy between the parties as to whether Evercom's contracts are terminable upon the election of a new Sheriff and whether their contracts are void simply because they do not contain a provision which makes them terminable within (30) days of the election of a new Sheriff. Evercom seeks a declaration that a) under Kentucky law, the contracts with its Kentucky customers are not personal service contracts, and b) under Kentucky and Indiana law, their contracts are not void simply for not containing a provision that they are terminable within thirty (30) days.

## LEGAL STANDARD

Fed. R. Civ. P. 12(c) provides that any party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay trial. When ruling on a motion for judgment on the pleadings, the court may look only to the facts contained in the pleadings. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). "[A]ll well-pleaded material allegations of the non-moving party's pleadings are taken as true, and all allegations of the moving party which have been denied are taken as false." *Pension Benefit Guar. Corp. v. Bank One, N.A.*, 34 F.Supp.2d 608, 609 (S.D. Ohio 1998). "Judgment on the pleadings may be granted only if, on the facts as to admitted allegations, the moving party is clearly entitled to judgment." *Id.*

## DISCUSSION

Despite the fact that Count II alleges that there is a controversy between Evercom

and CPC that their contracts are terminable upon the election of a new Sheriff and that they are void because they do not contain a certain clause, CPC does not contend now that either Indiana or Kentucky law gives newly elected sheriffs the statutory right to terminate telecommunications contracts of their predecessors. Nor has CPC presented any argument that the contracts are void simply because they do not contain a provision that allows them to be terminated within 30 days upon the election of a new sheriff.

Instead, the controversy shapes up to be one in which the Court must decide two issues: 1) whether providing for telecommunications service involves the exercise of a proprietary power or a governmental power, and 2) whether the Monroe County Kentucky contract constitutes a personal service contract under Kentucky statutory law.

Both parties essentially agree on the law. "The governing body of a municipal corporation, or a municipal board or officer having authority to contract, may bind successors in office by a contract made in the exercise of proprietary or business powers, but may not by contract prevent or impair the exercise by successors of legislative functions or governmental discretionary powers." 64 C.J.S., Municipal Corporations, § 905 (2009). Thus, the governing body of a municipal corporation "may bind its successors in office for a term of years where such contract is made in the exercise of its proprietary or business powers," as opposed to its governmental powers. *Id.* Evercom insists these contracts were entered into as a result of the exercise of proprietary power, while CPC contends that the contracts were issued as a function of governmental power.

Whether a contract is executed in the exercise of a proprietary power or a

governmental power hinges on whether its enforcement would deprive the successor governmental body of its ability to exercise its policymaking function.  Governmental functions are ones "integral" to the functioning of the government, which include its ability to set policy. *Schwindel v. Meade County*, 113 S.W.3d 159, 168 (Ky. 2003); *Tryon v. Avra Valley Fire Dist.,* 659 F.Supp. 283, 286 (D. Ariz. 1986) (stating that "a governmental function is generally recognized as one undertaken because of a duty imposed on the city for the welfare or protection of its citizens." (citing *Copper* Country, 641 P.2d at 247)). In contrast, a governmental body is engaged in a proprietary function when it "is 'engaged in a business of a sort theretofore engaged in by private persons or corporations for profit.'" *Schwindel,* 113 S.W.3d at 168.

The Court agrees with Evercom that the decision to enter into a particular telecommunications contract is a business decision, one not involving policymaking, and thus, is an exercise of proprietary power.  Whether or not the law requires the jails to provide for telephone service for inmates is not particularly relevant.  The decision to do so is a policy decision whether required by law or not.  However, once the policy is decided upon, it is left up to the Sheriff or Jailor to determine how to implement the policy.  Presumably, there were choices to be made regarding levels of service, commission rates and the like.  All these decisions are business type decisions which fall within the category of proprietary power.  Therefore, while the initial decision to provide a service to inmates may involve the exercise of governmental power, the decision as to which provider will provide the service involves the exercise of proprietary power.

Therefore, given the conclusion that these contracts result from the exercise of proprietary power, they are binding upon the newly elected sheriffs and were not properly terminated.

Relating to the question of whether the Monroe County Contract is "personal service contract" under KRS 45A.690, the Court must again agree with Evercom.[1] Kentucky law requires state agencies and other governmental bodies to comply with certain requirements when awarding "personal service contracts." *See generally* KRS 45A.690, *et seq.* KRS 45A.690 (g), part of the Kentucky Model Procurement code, defines a "personal service contract" to mean: …an agreement whereby an individual, firm, partnership, or corporation is to perform certain services requiring professional skill or professional judgment for a specified period of time at a price agreed upon. It includes all price contracts for personal services between a governmental body or political subdivision of the Commonwealth and any other entity in any amount. A contract may only be considered a personal service contract if it "contains contractual terms which satisfy all elements of the statutory definition of 'personal service contract.'" Ky. OAG 92-18 (Feb. 10. 1992). Therefore, a personal service contract must:

> (1) be an agreement where an individual, firm, partnership, or corporation agrees to furnish services to a "contracting body" of the state;
>
> (2) cover services which require professional skill or professional judgment;
>
> (3) be for a specified period of time; and

---

[1] The Court limits its declaration on this question to the Monroe County Contract. The Court is not expressing any opinion as to any other contract Evercom may have with other Kentucky customers.

(4) contain an agreed upon price (or salary if it is an employment contract).

*Id.*; KRS 45A.690 (g)

Kentucky state agencies and other governmental bodies are required to include 30-day notice of termination provisions in personal service contracts. KRS 45A.695. KRS 45A.695 (1) states that "[e]ach personal service contract shall have a cancellation clause not to exceed thirty (30) days notice to the contractee." However, the Court is of the opinion that the Monroe County Contract is not a personal service contract and, thus, was not required to contain a provision allowing it to be terminated on 30 days notice.

The Monroe County Contract is not a personal services contract because it did not cover services requiring professional skill or professional judgment in the traditional sense. Furthermore, if the Monroe County Contract were a personal service contract, the contracting body, the Monroe County Jail, would have been required to follow the statutory procedures for personal service contracts in soliciting the contracts from both Evercom and CPC. It is undisputed that the jail did not do so.

Therefore, Evercom is entitled to a declaration that the Monroe County Contract was not a personal service contract and therefore was not required to contain a provision making it terminable upon 30 days notice.

## CONCLUSION

For the foregoing reasons, Evercom is entitled to judgment as a matter of law as to Count II of its Complaint and a declaration that (a) Evercom's contracts with its Kentucky and Indiana customers are not void merely because they do not contain a provision that

7

they are terminable within 30 days; and (b) Evercom's contracts with Monroe County is not a personal service contract.

**So ordered.**